1

2

3

4                                                          **E-FILED on** _4/12/12_

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12   U.S. BANK NATIONAL ASSOCIATION, AS          No. 11-cv-06624 RMW
     TRUSTEE FOR CREDIT SUISSE FIRST
13   BOSTON CSFB ARMT 2005-4,

14                  Plaintiff,                   ORDER GRANTING MOTION TO
                                                 REMAND
15        v.

16   RAFAEL GARCIA; MARIA GARCIA; and
     DOES 1-10, inclusive,
17
                  Defendants.
18

19
          Plaintiff U.S. Bank National Association ("plaintiff") moves to remand this action to
20
     Monterey County Superior Court.  Defendants Rafael and Maria Garcia ("defendants"), proceeding
21
     *pro se*, did not file a written opposition or appear at oral argument.  For the reasons below, the court
22
     finds that it lacks subject matter over this action and therefore grants plaintiff's motion to remand.
23
                                   **I. BACKGROUND**
24
          On July 7, 2011, plaintiff filed a complaint against defendants in Monterey County Superior
25
     Court asserting a single claim for unlawful detainer under Cal. Code Civ. Proc 1161a.  *See* Dkt. No.
26

27

28

**United States District Court**
For the Northern District of California

8-1 (RJN), Ex. A.[1]  The complaint alleges that defendants are tenants on residential property owned by plaintiff in Gonzales, California and that they failed to surrender possession of the property more than ninety days after being served with a notice to quit following a foreclosure sale.  *See id.*  Plaintiff seeks possession of the property and holdover damages at the rate of $50.00 per day, an amount that plaintiff now estimates at $13,000.00.  *See id*; Dkt. No. 8.

Defendants removed the case to this court on December 22, 2011.  *See* Dkt. No. 1. Defendants allege that removal is proper under 28 U.S.C. § 1331, asserting that plaintiff failed to provide a ninety-day notice to quit as required by the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), Pub. L. No. 111-22, § 702, 123 Stat. 1632, 1660-61 (codified in the notes following 12 U.S.C. § 5220).  *See id.*  Defendants also noted that they "strongly believe they have been discriminated [against]."  *Id.* ¶ 3.

## II. ANALYSIS

### A.    Federal Question Jurisdiction

Under 28 U.S.C. § 1331, federal courts have original  jurisdiction over civil actions "arising under" federal law.  Removal pursuant to § 1331 is governed by the "well-pleaded complaint rule," which limits the reach of district courts to those cases where "a federal question is presented on the face of plaintiff's properly pleaded complaint."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The party seeking removal bears the burden of showing that "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)).  The well pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Caterpillar, Inc.*, 482 U.S. at 392.

Here, the sole cause of action asserted in plaintiff's complaint is a state law claim for unlawful detainer.  While defendants' allegation regarding plaintiff's failure to comply with the

---

[1]    The court takes judicial notice of the underlying state court complaint pursuant to Fed. R. Evid. 201.  *See Molus v. Swan*, No. 05-0452, 2007 WL 2326132, at *6 (S.D. Cal. Aug. 13, 2007) (taking judicial notice of pleadings filed by the plaintiff in an earlier state court action).

notice provision of the PTFA may provide a defense or counterclaim rooted in federal law, neither

may serve as the basis for removal under § 1331. *See id.* at 393 ("A case may not be removed to

federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's

complaint, and even if both parties concede that the federal defense is the only question truly at

issue."); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("A

counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's

complaint—cannot serve as the basis for 'arising under' jurisdiction."). Moreover, resolution of

plaintiff's unlawful detainer action–which requires only a determination of whether the property was

sold in accordance with Cal. Civ. Code § 2294 and whether defendants were served with a notice to

quit as provided by Cal. Code Civ. Proc. § 1161a–does not depend on a "substantial question of

federal law." *Proctor*, 584 F.3d at 1219; *Litton Loan Servicing, L.P. v. Villegas*, No. 10-06478,

2011 U.S. Dist. LEXIS 8018, at *5-6 (N.D. Cal. Jan. 21, 2011) (California unlawful detainer action

does not require resolution of substantial questions of federal law). Without a federal question

presented by plaintiff's complaint, defendants cannot base their petition for removal on § 1331.

## B.      Other Bases for Removal

Although defendants' removal petition cites only § 1331, the court will briefly address other

potential grounds for removal. First, defendants' vague reference to "discrimina[tion]" does not

justify removal of this action to federal court. 28 U.S.C. § 1443 permits the removal of certain "civil

rights cases." A petition for removal under § 1443(1) must satisfy a two-part test: (1) "the

petitioners must assert, as a defense to the [action], rights that are given to them by explicit statutory

enactment protecting equal racial civil rights," and (2) the "petitioners must assert that the state

courts will not enforce that right," with "reference to a state statute or a constitutional provision that

purports to command the state courts to ignore the federal rights." *Patel v. Del Taco, Inc.*, 446 F.3d

996, 998-99 (9th Cir. 2006). Even assuming that defendants' use of the word "discriminated" is

meant to insinuate that they were subject to racial prejudice in violation of federal law, they do not

assert that California will not enforce their civil rights or point to any formal expression of state law

that prohibits them from invoking their civil rights in state court. Thus, removal under § 1443 is not

proper.

ORDER GRANTING MOTION TO REMAND—No. 11-cv-06624 RMW
EDM                                                            3

1    In addition, there is no basis for diversity jurisdiction, as the complaint seeks damages less

2    than the requisite $75,000.  *See Deutsche Bank Nat'l Trust Co. v. Soto*, No. 11-1149, 2011 U.S. Dist.

3    LEXIS 18747, at *5-6 (C.D. Cal. Feb. 9, 2011) ("In unlawful detainer actions, the title to the

4    property is not involved—only the right to possession.  As such, the amount in controversy is

5    determined by the amount of damages sought in the Complaint, rather than the value of the subject

6    real property.") (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (Cal Ct. App. 1977)).

7    The court therefore finds that lacks subject matter jurisdiction over this action, and grants

8    plaintiff's motion to remand the case to state court.

### III. ORDER

10    For the foregoing reasons, this case is remanded to Monterey County Superior Court.

DATED:    _April 12, 2012_

RONALD M. WHYTE
United States District Judge

United States District Court
For the Northern District of California