**E-FILED on** 4/12/12

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON CSFB ARMT 2005-4,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL GARCIA; MARIA GARCIA; and DOES 1-10, inclusive,<br><br>Defendants. | No. 11-cv-06624 RMW<br><br>ORDER GRANTING MOTION TO REMAND |

Plaintiff U.S. Bank National Association ("plaintiff") moves to remand this action to Monterey County Superior Court. Defendants Rafael and Maria Garcia ("defendants"), proceeding *pro se*, did not file a written opposition or appear at oral argument. For the reasons below, the court finds that it lacks subject matter over this action and therefore grants plaintiff's motion to remand.

**I. BACKGROUND**

On July 7, 2011, plaintiff filed a complaint against defendants in Monterey County Superior Court asserting a single claim for unlawful detainer under Cal. Code Civ. Proc 1161a. *See* Dkt. No.

1  8-1 (RJN), Ex. A.[1]  The complaint alleges that defendants are tenants on residential property owned
2  by plaintiff in Gonzales, California and that they failed to surrender possession of the property more
3  than ninety days after being served with a notice to quit following a foreclosure sale. *See id.*
4  Plaintiff seeks possession of the property and holdover damages at the rate of $50.00 per day, an
5  amount that plaintiff now estimates at $13,000.00.  *See id*; Dkt. No. 8.

6  Defendants removed the case to this court on December 22, 2011.  *See* Dkt. No. 1.
7  Defendants allege that removal is proper under 28 U.S.C. § 1331, asserting that plaintiff failed to
8  provide a ninety-day notice to quit as required by the Protecting Tenants at Foreclosure Act of 2009
9  ("PTFA"), Pub. L. No. 111-22, § 702, 123 Stat. 1632, 1660-61 (codified in the notes following 12
10 U.S.C. § 5220).  *See id.*  Defendants also noted that they "strongly believe they have been
11 discriminated [against]."  *Id.* ¶ 3.

## II. ANALYSIS

### A.   Federal Question Jurisdiction

Under 28 U.S.C. § 1331, federal courts have original jurisdiction over civil actions "arising under" federal law.  Removal pursuant to § 1331 is governed by the "well-pleaded complaint rule," which limits the reach of district courts to those cases where "a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The party seeking removal bears the burden of showing that "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006)).  The well pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392.

Here, the sole cause of action asserted in plaintiff's complaint is a state law claim for unlawful detainer.  While defendants' allegation regarding plaintiff's failure to comply with the

---

[1] The court takes judicial notice of the underlying state court complaint pursuant to Fed. R. Evid. 201.  *See Molus v. Swan*, No. 05-0452, 2007 WL 2326132, at *6 (S.D. Cal. Aug. 13, 2007) (taking judicial notice of pleadings filed by the plaintiff in an earlier state court action).

1  notice provision of the PTFA may provide a defense or counterclaim rooted in federal law, neither
2  may serve as the basis for removal under § 1331.  *See id.* at 393 ("A case may not be removed to
3  federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's
4  complaint, and even if both parties concede that the federal defense is the only question truly at
5  issue."); *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) ("A
6  counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's
7  complaint—cannot serve as the basis for 'arising under' jurisdiction.").  Moreover, resolution of
8  plaintiff's unlawful detainer action–which requires only a determination of whether the property was
9  sold in accordance with Cal. Civ. Code § 2294 and whether defendants were served with a notice to
10 quit as provided by Cal. Code Civ. Proc. § 1161a–does not depend on a "substantial question of
11 federal law." *Proctor*, 584 F.3d at 1219; *Litton Loan Servicing, L.P. v. Villegas*, No. 10-06478,
12 2011 U.S. Dist. LEXIS 8018, at *5-6 (N.D. Cal. Jan. 21, 2011) (California unlawful detainer action
13 does not require resolution of substantial questions of federal law).  Without a federal question
14 presented by plaintiff's complaint, defendants cannot base their petition for removal on § 1331.

**B.     Other Bases for Removal**

Although defendants' removal petition cites only § 1331, the court will briefly address other potential grounds for removal.  First, defendants' vague reference to "discrimina[tion]" does not justify removal of this action to federal court.  28 U.S.C. § 1443 permits the removal of certain "civil rights cases."  A petition for removal under § 1443(1) must satisfy a two-part test: (1) "the petitioners must assert, as a defense to the [action], rights that are given to them by explicit statutory enactment protecting equal racial civil rights," and (2) the "petitioners must assert that the state courts will not enforce that right," with "reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 998-99 (9th Cir. 2006).  Even assuming that defendants' use of the word "discriminated" is meant to insinuate that they were subject to racial prejudice in violation of federal law, they do not assert that California will not enforce their civil rights or point to any formal expression of state law that prohibits them from invoking their civil rights in state court.  Thus, removal under § 1443 is not proper.

In addition, there is no basis for diversity jurisdiction, as the complaint seeks damages less than the requisite $75,000. *See Deutsche Bank Nat'l Trust Co. v. Soto*, No. 11-1149, 2011 U.S. Dist. LEXIS 18747, at *5-6 (C.D. Cal. Feb. 9, 2011) ("In unlawful detainer actions, the title to the property is not involved—only the right to possession. As such, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than the value of the subject real property.") (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 170 (Cal Ct. App. 1977)).

The court therefore finds that lacks subject matter jurisdiction over this action, and grants plaintiff's motion to remand the case to state court.

### III. ORDER

For the foregoing reasons, this case is remanded to Monterey County Superior Court.

DATED:  April 12, 2012

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge
**United States District Court**
**For the Northern District of California**

ORDER GRANTING MOTION TO REMAND—No. 11-cv-06624 RMW
EDM                                                                 4